3-CV-UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT T. HOULE,

                              Plaintiff,

                                                                                       Case # 25-CV-06053-FPG

v.

                                                                                       DECISION AND ORDER

WELLS FARGO BANK NA,

                              Defendants.

## INTRODUCTION

On January 24, 2025, Plaintiff Robert T. Houle ("Plaintiff") filed a complaint against Wells Fargo Bank NA, as "Trustee for Aegis Asset Backed Securities" ("Defendant"), in which he alleged that Defendant fraudulently created and forged documents that assigned Plaintiff's mortgage to Defendant. ECF No. 1. Within his complaint,[1] Plaintiff requests a temporary restraining order enjoining Defendant from pursuing a foreclosure auction on his home, and an order directing Defendant to show cause why they should not be enjoined from pursuing the foreclosure.[2] ECF No. 1 at 5.

---

[1] Although Plaintiff attached a proposed temporary restraining order to his complaint, Plaintiff has not, at time of writing, filed a separate motion for a temporary restraining order. ECF No. 1-5. This puts the Court in an awkward position, as the Plaintiff has made his desire for a temporary restraining order clear. The auction on Plaintiff's property is scheduled for January 30, 2025, leaving little time for Plaintiff to properly file a motion before it takes place. Because of these unusual circumstances, and because the Court "is obliged to construe [pro se] pleadings liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), the Court chooses to construe Plaintiff's filings as a motion for a temporary restraining order and addresses it accordingly.

[2] To the extent Plaintiff requests an "Order to Show Cause," under Local Rule of Civil Procedure 41(b), or otherwise, Plaintiff's request is not procedurally or substantively proper because Rule 41(b) governs involuntary dismissal of an action due to noncompliance with the Court's directives or failure to prosecute and it is Plaintiff's burden to show entitlement to relief at both the pleading phase and under Federal Rule of Civil Procedure 65, which governs the issuance of a temporary restraining order. The Court accordingly construes Plaintiff's motion as one for a temporary restraining order.

For the reasons set forth below, the Court DENIES Plaintiff's request for a temporary restraining order.

## BACKGROUND

The following facts are alleged in Plaintiff's complaint, unless otherwise stated. Defendant seeks to hold a foreclosure auction on Plaintiff's home, located at 1108 Cheese Factory Road, Honeoye Falls, New York, 14472, on January 30, 2025. ECF No. 1 ¶ 4. Plaintiff alleges that Defendant has "no standing to pursue such an auction" because the auction is justified by "forgery, fraud and false papers." *Id*. ¶ 6. Plaintiff asserts that the signature on the assignment documents underlying his mortgage from contract manager Leticia Arias, "a well known robo signer," was forged. *Id*. ¶¶ 6-10. Plaintiff points to alleged discrepancies between Arias's signature on the assignment documents and other notarized documents, which Plaintiff provides as exhibits, to support his claim of forgery. *Id*. ¶¶ 7-8; *see* ECF No. 2. Because Arias's signature was forged, Defendant is "not the true owner of the note and mortgage" and has "no standing" to pursue the foreclosure. *Id*. ¶ 6.[3]

## DISCUSSION

"In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Antonyuk v. Hochul*, No. 22-CV-986, 2022 WL 5239895, at *3 (N.D.N.Y. Oct. 6, 2022). "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for

---

[3] Plaintiff previously filed a complaint in which he also sought a temporary restraining order because of Arias's allegedly forged signature. *See Houle v. Wells Fargo, NA*, 23-CV-6634, ECF No. 1. In November 2023, the Court denied his request and dismissed Plaintiff's amended complaint for lack of jurisdiction. *See Houle v. Wells Fargo, NA*, No. 23-CV-6634, 2023 WL 7497616 (W.D.N.Y. Nov. 13, 2023).

litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted).

Here, Plaintiff's grounds for relief lack merit, and so the Court "need only address the second prong." *Sibley v. Watches*, No. 19-CV-6517, 2022 WL 17090037, at *1 (W.D.N.Y. Nov. 21, 2022). "To establish a likelihood of success on the merits, a plaintiff must show that it is more likely than not to prevail on its claims, or, in other words, that the probability of prevailing is better than fifty percent." *Gazzola v. Hochul*, No. 22-CV-1134, 2022 WL 17485810, at *9 (N.D.N.Y. Dec. 7, 2022) (internal quotations omitted).

Plaintiff's request for a temporary restraining order must be denied. Plaintiff's request hinges on his claim that a signature on the assignment documents for his mortgage was forged, and therefore the assignment itself is invalid. ECF No. 1 ¶ 6. However, courts that have addressed this issue have squarely rejected the notion that an assignment can be invalidated by the signature of an alleged "robo signer." *Lawson v. Ocwen Loan Servicing, LLC*, No. 14-CV-1301, 2015 WL 881252, at *5 (N.D. Ga. Mar. 2, 2015) ("Plaintiff's argument that the Assignments are 'fraudulent' because they were signed by a known 'robo signer' has been repeatedly rejected."). Even if the alleged inconsistencies demonstrated some issue with Arias's signature, "[t]his evidence does not refute the validity of the assignment." *U.S. Bank, N.A. v. Willis*, No. 10-CV-5454, 2011 WL 3704428, at *3 (N.D. Ill. Aug. 22, 2011). That the contract manager's signature may be inconsistent has no impact on whether the "legal documents establish that [Defendant] had authority to assign interests," and Plaintiff does not contest that Defendant otherwise had the authority to make an assignment absent the alleged forgery. *Id*. Plaintiff cites no authority stating that an assignment can be made ineffective due to the actions of the signing contract manager, nor

can the Court find any. Accordingly, he has failed to show a likelihood of success on the merits or any sufficiently serious question of law and his request for a temporary restraining order is DENIED on this ground. *See De Jesus Moreno*, 460 F. Supp. 3d at 297.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated: January 28, 2025
       Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              United States District Judge
                                              Western District of New York